IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 4:11cr13-RH/WCS

WILLIAM SANDERS et al.,

    Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS

The State of Florida created the Florida Hurricane Catastrophe Fund (the "Cat Fund") to supplement the private reinsurance available for insurers who provide insurance in Florida for hurricane losses. This criminal prosecution arises from an allegedly fraudulent scheme to obtain excess reimbursements from the Cat Fund. The grand jury indicted the four defendants—former officials of a now-liquidated insurer, Vanguard Fire and Casualty Company—on 12 counts. The defendants have moved to dismiss the indictment. They assert that some counts are barred by the statute of limitations, that some do not adequately allege a violation of the governing criminal statute, and that the counts are improperly multiplicitous. This order denies the motion to dismiss.

I

According to the indictment, whose allegations of course must be taken as true for purposes of the motion to dismiss, for the 2004 hurricane year Vanguard was entitled to recover from the Cat Fund 90% of Vanguard's loss in excess of $37,040,977 on any single hurricane. But Vanguard's total recovery from the Cat Fund for the year could not exceed $123,666,675.

As it turned out, two hurricanes, Frances and Jeanne, followed similar paths across the Florida peninsula. The indictment charges that in order to increase Vanguard's recovery from the Cat Fund, the defendants fraudulently reclassified Jeanne losses as Frances losses, thus in effect avoiding the $37,040,977 retention for Jeanne losses. The indictment charges the four defendants with conspiracy, *see* 18 U.S.C. § 371, and with 11 substantive counts, each arising from a single allegedly fraudulent email, letter, telephone call, report, or other communication, *see* 18 U.S.C. § 1033(a)(1).

II

The motion to dismiss first asserts that two of the substantive counts and the corresponding portion of the conspiracy count are barred by the general five-year statute of limitations. But a specific ten-year statute of limitations applies to a charge of violating, or conspiring to violate, § 1033. *See* 18 U.S.C. § 3293. The charges thus are not barred by the statute of limitations.

## III

The motion to dismiss next asserts that some counts of the indictment do not adequately allege a violation of § 1033. The statute makes it a crime for a person "engaged in the business of insurance whose activities affect interstate commerce" to knowingly make a false material statement, with intent to deceive,

> in connection with any financial reports or documents presented to *any* insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of such person.

18 U.S.C. § 1033(a)(1)(A) (emphasis added).

Some of the counts allege that the defendants made fraudulent statements to the State of Florida Office of Insurance Regulation, which is plainly an "insurance regulatory" agency covered by the statute, and whose officials are plainly "insurance regulatory" officials. But some of the counts allege that the defendants made the statement at issue only to employees of the State Board of Administration and the private corporation it hired to administer the fund. The private corporation is Paragon Strategic Solutions, Inc.

The motion to dismiss asserts that neither the Board of Administration nor Paragon is an "insurance regulatory" agency, and that their employees are not "insurance regulatory" officials. The motion fails because the Board, at least, is an "insurance regulatory" agency, making it unnecessary to decide, at least for present purposes, whether the same is true of Paragon.

The governing statute, § 1033(a)(1), applies to "any" insurance-regulatory agency, not just to a state's predominant insurance-regulatory agency. The Board of Administration's involvement in insurance regulation arises from its role in administering the Cat Fund, but it is a significant regulatory role nonetheless. Thus, for example, the Board may adopt rules that "conform to the Legislature's specific intent in establishing the fund" as set out in the statute, "accommodate insurers in situations of an unusual nature" so long as doing so does not impair "the public purpose of the fund" or contravene "sound insurance practices," and exempt insurers from specific statutory requirements. Fla. Stat. § 215.555(3). The Board has the authority to inspect an insurer's records, *id.* § 215.555(4)(f)(1), and to impose penalties on an insurer that does not comply with the statute, *id.* § 215.555(7)(e). When the Florida legislature gives a state agency the authority to adopt rules applicable solely to insurers, taking into account such things as "sound insurance practices," to investigate an insurer's compliance with the statute, and to impose penalties, the agency is an "insurance regulatory" agency.

In sum, each count of the indictment adequately alleges a knowing false, material statement to an "insurance regulatory" agency.

IV

Finally, the motion to dismiss asserts the indictment is multiplicitous because all the counts arise from a single allegedly fraudulent scheme. The answer

is that it of course is not multiplicitous to allege both a substantive count and a conspiracy to commit it, nor is it multiplicitous to allege separate counts based on separate fraudulent misrepresentations, other than in the securities-fraud context. *Compare United States v. Davis*, 730 F.2d 669 (11th Cir.1984) (holding *not* multiplicitous separate counts based on separate statements in a loan-fraud scheme) *with United States v. Langford*, 946 F.2d 798, 803 (11th Cir. 1991) (holding multiplicitous separate securities-fraud counts). In *United States v. Smith*, 231 F.3d 800 (11th Cir. 2000), the Eleventh Circuit upheld separate counts based on separate statements in a voting-fraud case, explaining the distinction between *Davis* and *Langford*:

> Our holding, which is largely based upon *United States v. Davis*, 730 F.2d 669 (11th Cir.1984), is not inconsistent with *United States v. Langford*, 946 F.2d 798 (11th Cir.1998). In *Langford*, the defendant was charged with securities fraud relating to false statements made in several different documents related to a single purchase of securities, in violation of 15 U.S.C. §§ 78j(b) and 78ff. *See id*. at 800. We said that "[t]o avoid the vices of multiplicity in securities fraud cases, each count of the indictment must be based on a separate purchase or sale of securities and each count must specify a false statement of material fact-not a full-blown scheme to defraud-in connection with that purchase or sale." *Id*. at 804 (emphasis added). Because the indictment in that case did not allege that each document "contained a specific material misstatement" and was "in conjunction with separate purchase or sale transactions," we held that the indictment was multiplicitous. *See id*. The Langford holding was, however, explicitly limited to securities fraud cases. *See id*.
>
> The defendant in *Davis* was charged with making false statements to a federally insured bank in several different documents, in violation of 18 U.S.C. § 1014. *See Davis*, 730 F.2d at 671. The

> documents were designed to procure a single loan. *See id*. We held that different counts in an indictment were appropriate because different documents were involved and different proof was required as to each count. *See id*. at 672.
>
> We find *Davis* to be more analogous to the situation at hand. There are dangers inherent in the nature of securities cases that were not present in *Davis* and are not present in the case before us today. With the purchase and sale of securities, a single document, such as a prospectus, is mailed to thousands of shareholders, which raises the specter of thousands of counts. There was no similar mass publication or distribution of the loan documents in *Davis* nor of the applications for absentee ballots and affidavits of absentee voters in this case. In any event, to the extent there is any inconsistency between *Davis* and *Langford*, we are compelled to follow the prior precedent, which is *Davis*. *See Walker v. Mortham*, 158 F.3d 1177, 1188 (11th Cir.1998) (discussing conflict between lines of precedent and "earliest case" rule).

*Smith*, 231 F.3d at 815 n.16. *See also United States v. Williams*, 527 F.3d 1235, 1241-42 (holding not multiplicitous wire-fraud counts based on separate uses of a wire); *United States v. Wood*, 780 F.2d 955, 962-63 (11th Cir. 1986) (holding not multiplicitous perjury counts based on separate false statements to a grand jury); *United States v. Bins*, 331 F.2d 390, 393 (5th Cir. 1964) (holding not multiplicitous counts for separate false statements to obtain a single loan).

In short, the separate counts alleging separate false statements are not improperly multiplicitous.

V

For these reasons:

IT IS ORDERED:

The motion to dismiss, ECF No. 42, as adopted in ECF Nos. 43, 47, and 51, is DENIED.

SO ORDERED on February 5, 2012.

s/Robert L. Hinkle  
United States District Judge